

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-13-00178-CV

**IN THE INTEREST OF A.H.**, N.K.L., J.A.S., and A.I.S.

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-PA-00416
Honorable Richard Garcia, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  August 28, 2013

REVERSED AND RENDERED IN PART; AFFIRMED IN PART

This is an accelerated appeal from the trial court's order terminating appellant's parental rights to her four children. The three fathers of the four children also had their parental rights terminated, but they are not the subject of this appeal. We reverse that portion of the trial court's order terminating appellant's parental rights and affirm in all other respects.

## DISCUSSION

The trial court terminated appellant's parental rights on two grounds: (1) that she had "executed before or after the suit [was filed by the Department of Family and Protective Services] an unrevoked or irrevocable affidavit of relinquishment of parental rights as provided by Chapter 161, Texas Family Code," and (2) termination is in the children's best interest. *See* Tex. Fam.

CODE ANN. § 161.001(1)(K), (2) (West Supp. 2013). On appeal, appellant challenges the legal and factual sufficiency of the evidence in support of both grounds.

## STANDARD OF REVIEW

Judgments terminating parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001 (West Supp. 2012). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Id.* § 101.007 (West 2008); *see also In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002). To terminate parental rights under the Family Code, the State must prove by clear and convincing evidence that (1) the parent has committed an act or omission listed in section 161.001 and (2) termination is in the child's best interest. TEX. FAM. CODE ANN. § 161.001(1), (2).

## ANALYSIS

Shortly before the termination hearing, appellant executed an "Affidavit of Voluntary Relinquishment of Parental Rights to the Texas Department of Family and Protective Services" ("Affidavit") as to all four children. Appellant was not present when the termination trial began, but appeared after the parties had each rested. She told her attorney, who was present throughout the proceeding, she had been "upset" when she signed the Affidavit, she had "changed her feelings on it," and she wanted to revoke her relinquishment. The trial court did not allow her attorney to reopen the evidence and place appellant on the witness stand. Instead, after a short recess to consider the law, the trial court terminated the parental rights of all four parents. Appellant did not file a motion for new trial raising any basis on which to revoke her Affidavit.

In her first issue, appellant asserts the trial court erred in terminating her parental rights because the Affidavit does not satisfy the requirement that the form be "as provided by Chapter 161, Texas Family Code." More specifically, appellant asserts the Affidavit does not satisfy the

requirements of Family Code section 161.103 that the Affidavit state the relinquishing parent's county of residence and the county of residence of other parents. *Id.* § 161.103(b)(1), (7)(A) (West 2008). Appellant also points to other deficiencies in the Affidavit regarding the names of the children in relation to their fathers. For example, in her Affidavit, appellant listed the child of Andrew O. as A.O. when no such child is the subject of the termination. However, Andrew O.'s Affidavit for Voluntary Relinquishment identifies A.H. as the child. In her Affidavit, appellant did not identify any of the children of the fathers Michael S. or Brian D.L. However, the Affidavit signed by Brian D.L. identifies the child as N.K.L. Appellant argues the requirements of Family Code sections 161.001(K) and 161.103 should be strictly construed in her favor because, other than best interest, no other ground supported termination.

Proceedings to terminate an individual's parental rights must be strictly scrutinized. *In the Int. of G.M.*, 596 S.W.2d 846, 846 (Tex. 1980); *Neal v. Tex. Dep't of Human Servs.*, 814 S.W.2d 216, 218 (Tex. App.—San Antonio 1991, writ denied). However, "[a] direct or collateral attack on an order terminating parental rights based on an unrevoked affidavit of relinquishment of parental rights or affidavit of waiver of interest in a child is limited to issues relating to fraud, duress, or coercion in the execution of the affidavit." TEX. FAM. CODE at § 161.211(c); *see also Neal*, 814 S.W.2d at 219 (holding "an involuntarily executed affidavit is a complete defense to a termination suit or decree based solely upon a finding under section [161.001(1)(K)] of the Family Code").

Here, appellant made no claim of duress, overreaching, coercion, or fraud at the time she signed the Affidavit. The case worker stated the Department was willing to accept the voluntary relinquishments as the sole grounds for termination of appellant's, Andrew O.'s, and Brian D.L.'s parental rights. At trial, Michael S. was identified as the father of J.A.S. and A.I.S., and his rights were terminated on other statutory grounds. At the beginning of trial, appellant's attorney

informed the court that appellant was not present but that she had voluntarily signed the Affidavit. At the end of trial, when appellant appeared, in addition to telling the court appellant "was really upset," counsel also represented to the court that appellant had finished most of her services, but "was never able to get into her drug treatment program, for one reason or another" and "she just appeared to ask the Court for more time to do that." Nothing in the record indicates appellant signed the Affidavit due to fraud, duress, coercion, or that she involuntarily executed the affidavit. *In re M.A.W.*, 31 S.W.3d 372, 376 (Tex. App.—Corpus Christi 2000, no pet.) (trial court did not err in accepting appellant's affidavit and overruling her motion for new trial because evidence showed only that she had changed her mind and wanted her children returned to her). Therefore, on this record we conclude the evidence supporting the trial court's finding that appellant had "executed before or after the suit [was filed by the Department of Family and Protective Services] an unrevoked or irrevocable affidavit of relinquishment of parental rights as provided by Chapter 161, Texas Family Code," is supported by clear and convincing evidence.

In her second issue, appellant challenges the legal and factual sufficiency of the evidence in support of the trial court's best interest finding. There is a strong presumption that keeping a child with a parent is in the child's best interest. *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006). In determining whether termination of parental rights is in a child's best interest, courts may apply the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing

parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *See In re C.H.*, 89 S.W.3d at 28 (holding same evidence may be probative of both section 161.001(1) grounds and best interest).

Appellant's signing the Affidavit of Voluntary Relinquishment of Parental Rights as to all four children is relevant to the best interest inquiry. *See id.* However, such a relinquishment is not *ipso facto* evidence that termination is in the children's best interest. To hold otherwise would subsume the requirement of proving best interest by clear and convincing evidence into the requirement of proving an act or omission listed in section 161.001 by clear and convincing evidence. TEX. FAM. CODE § 161.001. Termination of parental rights requires the State prove by clear and convincing evidence both subsection (1) and subsection (2) of section 161.001. Therefore, even if a parent has voluntarily and irrevocably relinquished his or her parental rights under subsection (1), the State must still establish by clear and convincing evidence that termination of parental rights is in the child's best interest under subsection (2). *See In re C.H.*, 89 S.W.3d at 28 (proof of act or omission under section 161.001(1) "does not relieve the petitioner from proving the best interest of the child"); *see also Wiley v. Spratlan*, 543 S.W.2d 349, 351 (Tex. 1976) (holding both elements must be established and requirements of subsection (1) are not excused because a court may be of the opinion that subsection (2) has been proved).

The only evidence of best interest was offered by the caseworker who testified termination of all parental rights was in the children's best interest "because the children need a loving family that will care for them and take care of their needs," and the children were to be adopted by their current care givers. The State argues that although the evidence regarding best interest was "limited," no evidence was offered to contradict the caseworker's testimony and appellant offered

no proof that termination of her parental rights was not in the children's best interest. But due process and the Texas Family Code place the burden of proof on the Department to prove the necessary elements by the heightened burden of "clear and convincing evidence." *See* TEX. FAM. CODE § 161.001. Thus, conclusory testimony, such as the caseworker's, even if uncontradicted does not amount to more than a scintilla of evidence. And, "[a]lthough [a parent's] behavior may reasonably suggest that a child would be better off with a new family, the best interest standard does not permit termination merely because a child might be better off living elsewhere." *In re W.C.*, 98 S.W.3d 753, 766 (Tex. App.—Fort Worth 2003, no pet.) (concluding appellant's offending behavior was not egregious enough, on its own, to warrant a finding that termination was in children's best interests; therefore, other independent facts must support jury's best interest finding).

Prompt and permanent placement of the child in a safe environment is presumed to be in a child's best interest. TEX. FAM. CODE § 263.307(a); *In re R.R.*, 209 S.W.3d at 116 (stability of proposed placement a factor in best interest determination). Here, other than the caseworkers conclusory testimony and the children's ages, no other evidence about the children or appellant was offered. Other than the identity of the caregivers, no information about the caregivers or the nature of the environment these caregivers would provide for the children was offered. On this record, we cannot conclude the evidence rises to the level of "clear and convincing" or of proof that would produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegation that termination was in the children's best interest. Therefore, we must conclude the evidence is legally insufficient to support the trial court's best interest finding.

## CONCLUSION

We reverse that portion of the trial court's order terminating appellant's parental rights and render judgment that the Department of Family and Protective Services' petition requesting

termination of her rights is denied. *See In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002) (holding rendition of judgment in favor of parent generally required if there is legally insufficient evidence). We affirm the remainder of the trial court's order terminating the parental rights of the children's individual fathers and awarding sole managing conservatorship of the children to the Department. *See In re J.A.J.*, 243 S.W.3d 611, 613 (Tex. 2007) (holding that, because elements and burden with respect to termination and conservatorship differ, reversal of termination does not affect trial court's conservatorship appointment absent assigned error).

Sandee Bryan Marion, Justice