

# Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00712-CV

**IN THE INTEREST OF A.F.**, C.J. Jr., Christina J., and Christal J., Children

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-PA-02455
Honorable Charles E. Montemayor, Judge Presiding[1]

Opinion by:   Marialyn Barnard, Justice

Sitting:      Marialyn Barnard, Justice
             Luz Elena D. Chapa, Justice
             Jason Pulliam, Justice

Delivered and Filed:  April 1, 2015

AFFIRMED

Appellant father ("Father") and appellant mother ("Mother") separately appeal the trial court's order terminating their parental rights.  On appeal, Father contends the evidence is legally and factually insufficient to support the trial court's findings that he violated subsections (O) and (P) of section 161.001(1) of the Texas Family Code, and that termination was in the best interests of his children, C.J. Jr., Christina J., and Christal J.  Mother does not challenge the sufficiency of the evidence to support the trial court's findings under section 161.001(1) of the Texas Family Code, but contends the evidence is legally and factually insufficient to support the trial court's

---

[1] The Honorable Richard Price is the presiding judge of the 285th District Court, Bexar County, Texas.  However, the termination order was signed by Associate Judge Charles E. Montemayor.

finding that termination was in the best interests of her children, A.F., C.J. Jr., Christina J., and Christal J. We affirm the trial court's order of termination.

## BACKGROUND

In 2013, the Texas Department of Family and Protective Services ("the Department") filed a petition to terminate Father's and Mother's parental rights.[2] Pursuant to the Department's request, the children, who were all in Father's care — including A.F. — were removed from Father. According to the record, the Department became involved because Father was neglectful in his supervision of the children.

Ultimately, a termination hearing was held before the trial court. At the time of trial, A.F. was eight-years-old, Christina J. was seven-years-old, Christal J. was five-years-old, and C.J. Jr. turned four the day after the trial began. After the hearing, the trial court ordered Father's parental rights terminated, finding he failed to comply with the order that set out the steps he had to take to be reunited with his children, and he used a controlled substance in a manner that endangered the health and safety of his children. *See* TEX. FAM. CODE ANN. §§ 161.001(1)(O)–(P) (West 2014). The trial court also ordered Mother's parental rights terminated, finding she constructively abandoned all four children, failed to comply with the order that set out the steps she had to take to be reunited with her children, and used a controlled substance in a manner that endangered the health and safety of her children. *See id.* §§ 161.001(1)(N)–(P). The trial court also found termination of Father's and Mother's parental rights would be in the best interests of the children. *See id.* § 161.001(2). Thereafter, Father and Mother each perfected an appeal.

---

[2] The petition also included a request to terminate the parental rights of A.F.'s father, J.F. His rights were terminated, and he has not filed an appeal challenging the order of termination.

ANALYSIS

On appeal, Father raises three issues. In his first two issues, he challenges the legal and factual sufficiency of the evidence to support the trial court's finding that he violated subsections (O) and (P) of section 161.001(1) of the Family Code. He contends in his third issue that the evidence is legally and factually insufficient to support the trial court's finding that termination was in the children's best interests. As noted above, Mother does not challenge the evidence with regard to the trial court's findings under section 161.001(1). Rather, she raises a single issue in which she contends the evidence is legally and factually insufficient to support the trial court's finding that termination was in the best interests of the children.

### *Standard of Review*

Under the Texas Family Code, a court has authority to terminate a parent's rights to her children only upon proof by clear and convincing evidence that she committed an act prohibited by section 161.001(1) of the Texas Family Code ("the Code"), and that termination is in the best interests of the children. *Id.* § 161.001(1), (2); *In re J.O.A.*, 283 S.W.3d 336, 344 (Tex. 2009); *In re E.A.G.*, 373 S.W.3d 129, 140 (Tex. App.—San Antonio 2012, pet. denied). The Family Code defines "clear and convincing evidence" as "proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (West 2008); *see J.O.A.*, 283 S.W.3d at 344; *E.A.G.*, 373 S.W.3d at 140. This heightened standard of review is required because termination of a parent's rights to her child results in permanent and unalterable changes for parent and child, implicating due process. *E.A.G.*, 373 S.W.3d at 140. Therefore, when reviewing a trial court's termination order, we must determine whether the evidence is such that a fact finder could reasonably form a firm belief or conviction that the grounds for termination were proven and that the termination was in the best

interest of the child. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (citing *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002)).

With regard to legal sufficiency challenges in termination cases, we view the evidence in the light most favorable to the trial court's finding and judgment, and any disputed facts are resolved in favor of that court's findings, if a reasonable fact finder could have so resolved them. *Id.* We are required to disregard all evidence that a reasonable fact finder could have disbelieved, and we must consider undisputed evidence even if such evidence is contrary to the trial court's findings. *Id.* In summary, we consider evidence favorable to termination if a reasonable fact finder could, and we disregard contrary evidence unless a reasonable fact finder could not. *Id.*

We remain mindful that we may not weigh a witness's credibility because it depends on appearance and demeanor, and these are within the domain of the trier of fact. *J.P.B.*, 180 S.W.3d at 573. Even when such issues are found in the appellate record, we must defer to the fact finder's reasonable resolutions. *Id.*

In a factual sufficiency review, we also give due deference to the trier of facts findings, avoiding substituting our judgment for the fact finder. *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006). "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction [in the truth of its finding], then the evidence is factually insufficient." *Id.* (quoting *J.F.C.*, 96 S.W.3d at 266).

### *Father — Drug Use Endangering Health or Safety of Children*

As set out above, Father challenges the trial court's finding that he used a controlled substance, endangering his children's health and safety. Under section 161.001(1)(P) of the Family Code a trial court may terminate the parent-child relationship if the court finds by clear and convincing evidence that the parent has "used a controlled substance" — as that term is defined

pursuant to Chapter 481 of the Texas Health & Safety Code — "in a manner that endangered the health or safety of the children," and:

> (i) failed to complete a court-ordered substance abuse treatment program; or
>
> (ii) after completion of a court-ordered substance abuse treatment program, continued to abuse a controlled substance.

*See* TEX. FAM. CODE ANN. § 161.001(1)(P). Father argues the Department failed to present any "credible evidence" that he used a controlled substance in the manner described by section 161.001(1)(P). More specifically, he contends there was no evidence his alleged drug use endangered the children.

At trial, the Department presented a single witness, Department caseworker Sandra Alvarez. Ms. Alvarez testified Father tested positive for cocaine and methamphetamine. Contrary to Father's assertion, Ms. Alvarez specifically stated that while Father was under the influence, "the children had gotten out and they got lost." She agreed, when asked, that the children were running around in the street, unsupervised and alone in conditions and surroundings that put them in danger. Ms. Alvarez testified Father had not completed drug treatment. No evidence was presented to contradict Ms. Alvarez's testimony.

We agree that the burden of proof is on the Department to prove its allegations by clear and convincing evidence. *Id.* § 161.001(1), (2); *J.O.A.*, 283 S.W.3d at 344; *E.A.G.*, 373 S.W.3d at 140. We also agree that conclusory testimony, even if contradicted, does not constitute legally sufficient evidence. *See In re A.H.*, 414 S.W.3d 802, 807 (Tex. App.—San Antonio 2013, no pet.). However, we do not find the caseworker's testimony in this case to be conclusory so that it amounts to no evidence. Ms. Alvarez testified Father tested positive for two specific illegal drugs, failed to complete a drug treatment program, and that while he was under the influence, the children — ages seven and younger at the time — left the home and were running around the streets alone,

without supervision. We hold this evidence is such that the trial court could have reasonably formed a firm belief or conviction that Father used a controlled substance, failed to complete drug treatment, and Father's drug use endangered the health and safety of his children. *See J.P.B.*, 180 S.W.3d at 573. Accordingly, we overrule Father's contention that the evidence was legally and factually insufficient to support termination pursuant to section 161.001(1)(P).

### *Father — Failure to Comply with Court Order*

Father also contends the evidence is insufficient to establish he failed to comply with the provisions of a court order that established the actions necessary for him to obtain the return of his children. *See id.* §§ 161.001(1)(N), (O). In other words, Father contends the evidence is insufficient to establish he failed to complete the plan of service prepared by the Department.

As stated by the supreme court, "Only one predicate finding under section 161.001(1) is necessary to support a judgment of termination," assuming there is also a finding that termination is in the child's best interest. *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). Thus, to succeed on appeal, an appellant must establish all of the grounds upon which the trial court based its termination order lacked sufficient evidence or that there is insufficient evidence to support the best interests finding. *See id.* at 363. Here, we have determined the evidence is legally and factually sufficient to support the trial court's decision to terminate Father's parental rights on grounds of drug use pursuant to section 161.001(1)(P), and as we explain below, the evidence is also sufficient to support the trial court's best interests finding. Accordingly, we need not address whether the evidence was sufficient to support the trial court's finding under section 161.001(1)(O). *See id.*

### *Father and Mother — Best Interests*

Both Father and Mother contend the evidence is legally and factually insufficient to support the trial court's finding that termination was in the best interests of the children. Courts indulge

in the strong presumption that maintaining the parent-child relationship is in a child's best interest. *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006) (per curiam). We also presume, however, that permanently placing a child in a safe place in a timely manner is in the child's best interest. TEX. FAM. CODE ANN. § 263.307(a) (West 2014). In determining whether a parent is willing and able to provide the child with a safe environment, the court should consider that factors set out in section 263.307(b), which include: (1) the child's age and physical and mental vulnerabilities; (2) the frequency and nature of out-of-home placements; (3) the magnitude, frequency, and circumstances of the harm to the child; (4) whether the child has been the victim of repeated harm after the initial report and intervention by the Department or other agency; (5) whether the child is fearful of living in or returning to the child's home; (6) the results of psychiatric, psychological, or developmental evaluations of the child, the child's parents, other family members, or others who have access to the child's home; (7) whether there is a history of abusive or assaultive conduct by the child's family or others who have access to the child's home; (8) whether there is a history of substance abuse by the child's family or others who have access to the child's home; (9) whether the perpetrator of the harm to the child is identified; (10) the willingness and ability of the child's family to seek out, accept, and complete counseling services and to cooperate with and facilitate an appropriate agency's close supervision; (11) the willingness and ability of the child's family to effect positive environmental and personal changes within a reasonable period of time; (12) whether the child's family demonstrates adequate parenting skills; and (13) whether an adequate social support system consisting of an extended family and friends is available to the child. *Id.* § 263.307(b); *see In re A.S.*, No. 04-14-00505-CV, 2014 WL 5839256, at *2 (Tex. App.—San Antonio Nov. 12, 2014, pet. denied) (mem. op.).

Courts may also take into account the factors set forth by the Texas Supreme Court in *Holley v. Adams*: (1) the desires of the child; (2) the emotional and physical needs of the child now

and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans for the child by these individuals or by the agency seeking custody; (7) the stability of the home or proposed placement; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. 544 S.W.2d 367, 371–72 (Tex. 1976). These considerations, i.e., "the *Holley* factors," are neither all-encompassing nor does a court have to find evidence of each factor before terminating the parent-child relationship. *See In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). Thus, lack of evidence as to some of the *Holley* factors does not preclude a trier of fact from reasonably forming a strong conviction or belief that termination is in a child's best interest. *Id.*

Additionally, although proof of acts or omissions under section 161.001(1) of the Texas Family Code does not relieve the Department from proving the best interest of the child, the same evidence may be probative of both issues. *Id.* at 28 (citing *Holley*, 544 S.W.2d at 370; *Wiley v. Spratlan*, 543 S.W.2d 349, 351 (Tex. 1976)). Moreover, in conducting a best interest analysis, a court may consider circumstantial evidence, subjective factors, and the totality of the evidence, in addition to direct evidence. *A.S.*, 2014 WL 5839256, at *2 (citing *In re E.D.*, 419 S.W.3d 615, 620 (Tex. App.—San Antonio 2013, pet. denied)). Finally, a fact finder may judge a parent's future conduct by his or her past conduct in determining whether termination of the parent-child relationship is in the best interest of the child. *Id.*

As noted above, the Department called a single witness in support of its allegations, Department caseworker Sandra Alvarez. A review of her testimony shows there is limited evidence on either the statutory or *Holley* factors. Despite this, we hold there is sufficient evidence

that would have allowed the trial court to have reasonably formed a firm belief or conviction that termination was in the best interests of the children. *See J.P.B.*, 180 S.W.3d at 573.

Obviously, Ms. Alvarez testified the parents committed acts or omissions under section 161.001(1) — failure to complete service plans, drug use endangering the children, and abandonment. *See C.H.*, 89 S.W.3d at 28 (holding that proof of acts or omissions under section 161.001(1) of Family Code may be probative of best interest determination). Both parents failed to complete their service plans — Mother did nothing; Father completed only his psychological testing. TEX. FAM. CODE ANN. § 263.307(b)(10) (willingness of parent to complete services and cooperate with agency supervisors relevant to best interest determination); *C.H.*, 89 S.W.3d at 28. Ms. Alvarez testified the service plan programs were free to the parents, but they failed to take advantage of them. *See* TEX. FAM. CODE ANN. § 263.307(b)(10); *C.H.*, 89 S.W.3d at 28. Father and Mother tested positive for cocaine and methamphetamine. TEX. FAM. CODE ANN. § 263.307(b)(8) (history of substance abuse relevant to best interest determination); *C.H.*, 89 S.W.3d at 28. Ms. Alvarez also testified Father "had a drinking problem." *See* TEX. FAM. CODE ANN. § 263.307(b)(8) (history of substance abuse relevant to best interest determination). Mother left the children with Father — even A.F. who was not Father's biological child. On one of the occasions, while all four children were in his care, Father was under the influence and "the children had gotten out and they got lost." *See id.* § 263.307(b)(8), (12) (history of substance abuse and inadequate parenting skills regarding safe physical home environment relevant to best interest determination); *Holley*, 544 S.W.2d at 371–72 (physical danger to child relevant to best interest determination). Ms. Alvarez did not elaborate on this incident, but she did agree the children were in "conditions and surroundings that endangered them." *See* TEX. FAM. CODE ANN. § 263.307(b)(12) (inadequate parenting skills regarding safe physical home environment relevant to best interest determination); *Holley*, 544 S.W.2d at 371–72 (physical danger to child relevant to

best interest determination). Although the acts or omissions under section 161.001(1) do not relieve the Department of its burden to establish that termination would be in the best interests of the children pursuant to section 161.001(2), they are relevant. *See C.H.*, 89 S.W.3d at 28.

The record shows the children were young — all eight-years-old and younger — which bears upon their best interests. *See* TEX. FAM. CODE ANN. § 263.307(b)(1) (child's age factor in best interest determination). There was also some evidence that one of the children, five-year-old Christal J., suffers from certain mental disorders and "suicidal ideations and homicidal threats." *See id.* (results of psychological evaluations of child and child's mental vulnerabilities relevant to best interest determination). She has been diagnosed with several disorders, including oppositional defiant disorder and mood disorder. *See id.* In a recent episode, Christal J. "grabbed a knife and tried to stab herself." *See id.* Thus, at least one of the children is mentally vulnerable. *See id.* This same child also made an allegation of physical abuse, stating her father "whipped" her, leaving a scar on her upper thigh. *See id.* § 263.307(b)(7) (history of abusive or assaultive conduct by child's family relevant to best interest determination); *Holley*, 544 S.W.2d at 371–72 (physical danger to child relevant to best interest determination).

Ms. Alvarez testified that Mother has not once visited the children. *See A.S.*, 2014 WL 5839256, at *2 (court may consider circumstantial evidence, subjective factors, and totality of the evidence, in addition to direct evidence). Although Father did not miss any visits beginning in August — the month before trial — he had been inconsistent prior to that time, visiting less than fifty percent of the time. *See id.* Ms. Alvarez described this as constructive abandonment. Ms. Alvarez testified both parents were aware of the termination hearing — she spoke to Father the week before the trial. As for Mother, she reported to A.F.'s father that "she was out in the streets again and she was homeless . . . and that she would not be attending. . . ." The record shows neither parent appeared at the hearing. *See id.*

Ms. Alvarez testified it was her belief that neither parent would be able to provide for the children now or in the future. As for placement, Ms. Alvarez testified that three of the children are in foster care, and that the foster parents will decide in early December — the trial was held in late September — whether they intend to adopt. *See Holley*, 544 S.W.2d at 371–72 (placement plans for child relevant to best interest determination). Ms. Alvarez stated the children in foster care like the home and wish to remain there and be adopted. *See id.* (desires of child relevant to best interest determination). Christal J. has not been placed in a foster home given her mental issues, but Ms. Alvarez testified she believes it would be possible to find Christal J. a permanent placement in the future. *See id.* (placement plans for child relevant to best interest determination). She concluded by stating termination would be in the children's best interests.

Based on the evidence and application of the proper standard of review, we hold the trial court did not err in finding termination of both Father's and Mother's parental rights would be in the best interests of their respective children. The evidence is such that the trial court could have reasonably formed a firm belief or conviction that termination was in the best interests of the children. *See J.P.B.*, 180 S.W.3d at 573.

## CONCLUSION

We hold the evidence is legally and factually sufficient to allow the trial court to find Father used a controlled substance, endangering the health and safety of his children. This, coupled with our best interest holding, allows us to forego review of Father's challenge to the sufficiency of the evidence relating to the finding that he failed to comply with his service plan. *See A.V.*, 113 S.W.3d at 362. Mother did not challenge the evidence regarding the grounds for termination, but both parents challenged the trial court's best interest findings. We likewise hold the evidence was legally and factually sufficient to allow the trial court to find termination of both Father's and

Mother's parental rights was in the best interests of their children. Accordingly, we overrule Father's and Mother's issues and affirm the trial court's termination order.

Marialyn Barnard, Justice