William J. Boyce, Justice, dissenting
SUBSTITUTE DISSENTING OPINION
The dissenting opinion issued in this case on January 11, 2018 is withdrawn. This substitute dissenting opinion is issued in its place.
I agree that (1) the evidence does not support findings on the identified predicate grounds for terminating Father's parental rights; (2) Father waived his due process complaint with respect to the absence of a translator during certain proceedings; and (3) Father did not waive his challenge to the trial court's determination regarding conservatorship. I disagree with the majority opinion's determination that insufficient evidence supports the trial court's determination regarding conservatorship. I respectfully dissent insofar as the majority sustains Father's third issue and reverses the trial court's judgment with respect to conservatorship.
"Termination of parental rights and the appointment of a non-parent as sole managing conservator are two distinct issues, *773 with different elements, different standards of proof, and different standards of review." In re E.C.A. , No. 01-17-00623-CV, 2017 WL 6759198, at *14 (Tex. App.-Houston [1st Dist.] Dec. 28, 2017, no pet. h.) (mem. op.).
A trial court's appointment of a non-parent as sole managing conservator is reviewed for abuse of discretion and reversed only if the appointment is arbitrary or unreasonable. In re J.A.J. , 243 S.W.3d 611, 616 (Tex. 2007). "We must 'indulge every legal presumption in favor of the judgment' and view the evidence presented to the district court 'in the light most favorable to' its actions." In re J.S.G. , No. 14-08-00754-CV, 2009 WL 1311986, at *11 (Tex. App.-Houston [14th Dist.] May 7, 2009, no pet.) (mem. op.). Legal and factual sufficiency are not independent grounds of error under the abuse of discretion standard, but rather relevant factors in assessing whether the trial court abused its discretion. In re A.H.A. , No. 14-12-00022-CV, 2012 WL 1474414, at *11 (Tex. App.-Houston [14th Dist.] Apr. 26, 2012, no pet.) (mem. op.). A district court does not abuse its discretion provided there is some evidence of a substantive and probative character to support its decision. See itation index="106" url="https://cite.case.law/citations/?q=2012%20WL%201474414">id.
A parent shall be named a child's managing conservator unless-as the trial court found here-the presumption in favor of the parent is overcome with affirmative proof that such appointment would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional development. See Tex. Fam. Code § 153.131(a).
"The best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship[.]" Id. § 153.002. The trial court found that appointing the Department as Fay's sole managing conservator was in her best interest.
The Holley factors related to best interest are applicable to conservatorship decisions. See In re A.H.A. , 2012 WL 1474414, at *11. These factors include the desires of the child; the physical and emotional needs of the child now and in the future; the emotional and physical danger to the child now and in the future; the parental abilities of the persons seeking custody; the programs available to assist those persons seeking custody in promoting the best interest of the child; the plans for the child by the individuals or agency seeking custody; the stability of the home or proposed placement; acts or omissions of the parent that may indicate the existing parent-child relationship is not appropriate; and any excuse for the parent's acts or omissions. Holley v. Adams , 544 S.W.2d 367, 371-72 (Tex. 1976).
The caseworker testified it was in Fay's best interest to remain with her foster family because she was bonded with them and situated in a secure, stable, and loving environment. A best interest determination should not be solely based on evidence that a child may be better off living elsewhere. See In re A.H. , 414 S.W.3d 802, 807 (Tex. App.-San Antonio 2013, no pet.). The trial court's conservatorship finding here does not rest solely on evidence that (1) Fay is better off living elsewhere, or (2) uprooting her would be disruptive and detrimental. There is additional probative and substantive evidence in this record to support the trial court's conservatorship finding.
The psychologist testified about Fay's emotional well-being. According to the psychologist, Fay displayed behaviors of echolalia and inability to attach when the psychologist first started seeing her; these behaviors likely were related to the intermittent unavailability of her caregiver. The *774 psychologist opined that Father's conduct contributed to the behaviors displayed by Fay. Father was "missing in action" while Mother experienced "a serious drug and alcohol problem;" she "was not invested in parenting" as a result of this problem and "there was no one there ... other than the mother ...."
The psychologist opined regarding causation of the problems she observed in Fay's behavior. The psychologist testified that "there were probably moments when the caregiver, whether it's the parent or someone else, was intermittently unavailable." She further testified that Fay "had no one available to emotionally secure a relationship. She had no one available to invest in whatever she needed at that time." According to the psychologist, Fay "was just left alone to experience whatever she was presented with on her own."
Fay had been in her current placement over four years at the time of trial. The psychologist testified that Fay, who was seven years old, had formed a very secure attachment to her foster parents and her social setting. The psychologist testified Fay has been able to psychologically heal during her placement with the foster family. The record contained evidence that Fay has greatly improved since placement with the current foster family. The record also reflects that Fay's placement is stable and meeting her needs. Further, witnesses testified Fay is thriving, articulate, and able to express her emotions.
Fay's thought of family did not include anyone beyond the foster family and Fay did not know her biological family. The psychologist believed any change in her placement would be detrimental to her emotional well-being. She also testified Fay needs to be cared for by the person who will parent her and to be in an environment that helps her grow psychologically. The psychologist concluded that the environment associated with Father does not fit these needs because of absences of five to six weeks at a time occurring several times a year. The psychologist was asked this question: "[T]he father is gone five to six weeks at a time at sea and [Fay is] left with his girlfriend, would that concern you as far as a placement for this child?" She answered, "Yes."
On this record, the trial court did not abuse its discretion in appointing the Department as managing conservator of Fay.