

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00608-CV

**IN THE INTEREST OF J.M.S.** and A.S.A., Children

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-PA-01788
Honorable Richard Garcia, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Patricia O. Alvarez, Justice
Beth Watkins, Justice

Delivered and Filed: February 13, 2019

AFFIRMED

Appellant Markie files this accelerated appeal from the trial court's order terminating her parental rights to her children, J.M.S. and A.S.A. Markie challenges the sufficiency of the evidence to support the trial court's predicate statutory findings and finding that termination is in the children's best interests. We affirm the trial court's judgment.

## Background

Markie is the mother of J.M.S. and A.S.A. Andre is the father of A.S.A., who was four years old on the date of trial. Paternity could not be established for J.M.S., who was eight years old on the date of trial. Based on reports of drug use and neglectful supervision of the children by Markie and the children's maternal grandmother, the Department removed both children from Markie's custody and filed a petition to terminate Markie's and the fathers' parental rights.

On August 8, 2018, the trial court held a bench trial. Markie did not appear for trial, and her court-appointed trial counsel announced "not ready," explaining: "My client is not here. I talked to her earlier this morning. She said she was on the way and I can't reach her now; so, I don't know where she is." The trial court overruled the not ready announcement, noting that Markie had appeared at the previous hearing.

The Department presented a caseworker as its lone witness. The caseworker testified the children had been living in a foster home since August 24, 2017 and were "doing really well" there. The children are "very bonded to the foster family" and get along "really well" with the other child in the home. The foster family is meeting the children's emotional, medical, and spiritual needs and is prepared to adopt them. The caseworker testified she believes the foster placement is in the children's best interests. She also testified: "The children have expressed that they have a desire to remain in that home, as they consider that home."

The Department prepared family service plans for both Markie and Andre. The caseworker worked with Markie to address her plan but had no contact with Andre. Markie delayed in addressing her service plan, telling the caseworker the delay was because she "hit rock bottom" and "had an emotional break of some sort" after the death of someone she knew. Markie eventually began availing herself of services in June 2018. By the time of trial in August 2018, Markie had completed a drug assessment and parenting classes and was engaged in drug treatment, counseling, and domestic violence courses, although she had not yet completed her service plan. Markie was living with a friend, but the caseworker had not visited the friend's home. Since the inception of the case, the caseworker observed Markie's twice monthly visits with the children, up to the week before trial. The visits were appropriate and "go well," and the children are bonded with Markie. Markie never discussed drug use with the caseworker, but the results of a hair follicle test two weeks prior to trial caused the caseworker to be concerned that Markie was continuing to use

methamphetamines and amphetamines. The results of the hair follicle test were not offered or admitted into evidence. On cross-examination by Markie's counsel, the caseworker testified she understood hair follicle tests reveal drug use going back ninety days but admitted she was not sure if the test can indicate drug use older than ninety days. The caseworker testified the only reason the Department sought termination of Markie's rights was based on suspicion of continued drug use.

At the conclusion of the caseworker's testimony, the Department asked the trial court to terminate Markie's parental rights to both children on ground (O) (failure to comply with the family service plan) only. The children's ad litem attorney stated he agreed with the Department but requested Markie's parental rights also be terminated on ground (E) (endangerment) based on Markie's continued, suspected drug use. The trial court granted termination of Markie's parental rights on all three grounds asserted in the petition—(O), (E), and (P) (use of a controlled substance)—and found termination was in the children's best interests. Both fathers' parental rights were terminated as well. The trial court signed the final order of termination on September 26, 2018. On Markie's motion, the trial court entered findings of fact and conclusions of law on October 26, 2018. Markie appeals.

### Standard of Review

To terminate parental rights, the Department has the burden to prove by clear and convincing evidence: (1) one of the predicate grounds in subsection 161.001(b)(1), and (2) termination is in the best interests of the child. TEX. FAM. CODE ANN. §§ 161.001(b); 161.206(a); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). We review the legal and factual sufficiency of the evidence using well-established standards of review. *See* TEX. FAM. CODE ANN. §§ 101.007, 161.206(a); *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (factual sufficiency); *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (legal sufficiency).

**Discussion**

In two issues, Markie challenges the trial court's finding that termination is in the children's best interest and the trial court's predicate statutory findings. In her third issue, Markie argues that even if the evidence supports the trial court's finding that Markie failed to comply with her family service plan, Texas Family Code section 161.001(d) precludes termination.

**A.      Best interest finding**

In her first issue, Markie argues the evidence was legally and factually insufficient to support the trial court's finding that termination was in the children's best interest. There is a strong presumption that keeping a child with a parent is in the child's best interest. *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006). In determining the best interest of a child, we apply the non-exhaustive *Holley* factors. *See Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). Those factors include: (1) the desires of the child; (2) the present and future emotional and physical needs of the child; (3) the present and future physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans held by the individuals seeking custody; (7) the stability of the home of the parent and the individuals seeking custody; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Id.*

Markie argues the evidence presented at trial is insufficient to support the trial court's best interest finding, relying on this court's opinion in *In re A.H.*, 414 S.W.3d 802 (Tex. App.—San Antonio 2013, no pet.). In *A.H.*, the only evidence supporting the trial court's best interest finding was the caseworker's testimony that the children's foster home was a safe environment that met the children's needs. *Id.* at 807. We held that while a parent's "'behavior may reasonably suggest that a child would be better off with a new family, the best interest standard does not permit

termination merely because a child might be better off living elsewhere.'" *Id.* (quoting *In re W.C.*, 98 S.W.3d 753, 766 (Tex. App.—Fort Worth 2003, no pet.)).

Here, in contrast, the evidence supporting the trial court's best interest finding is more substantial. The Department caseworker testified she believes termination of the parents' rights is in the children's best interests because the children were "doing really well" in the foster home they had been living in for approximately one year, were "very bonded" to the foster family, and were getting along "really well" with the other adopted child in the home. She testified the children considered the foster home their "home" and expressed a desire to remain in that home. Based on her observation of the children in the foster home, the caseworker testified the foster family is meeting the children's emotional, medical, and spiritual needs and will be able to continue to do so in the future. Further, in light of her concern that Markie is continuing to use methamphetamines and amphetamines and is unable to remain sober, the caseworker testified she believes it would be dangerous to return the children to Markie.

Because there is sufficient evidence in the record supporting the trial court's best interest finding, we overrule Markie's first issue.

## B.     Predicate statutory findings and subsection 161.001(d)

In her second issue, Markie argues the evidence adduced at trial is legally and factually insufficient to support the trial court's predicate statutory findings. The trial court found by clear and convincing evidence that Markie: (1) engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangers their physical or emotional wellbeing; (2) failed to comply with the provisions of a family service plan; and (3) used a controlled substance in a manner that endangered the health or safety of the children. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(E), (O), and (P). When, as here, the trial court terminates a parent's rights on multiple grounds, we may affirm on any one ground. *In re A.V.*, 113 S.W.3d at 362.

The evidence presented at trial supports the trial court's predicate finding that Markie failed to comply with the provisions of her family service plan. The Department caseworker testified that although the Department initiated the case in August 2017, Markie delayed in addressing her family service plan until June 2018, just six weeks before trial, and had not yet completed drug treatment and domestic violence services. While Markie told the caseworker the delay was because of her struggles following the death of someone she knew, "Section 161.001(b)(1)(O) does not 'make provision for excuses' for the parent's failure to comply with the court-ordered services." *In re S.J.R.-Z.*, 537 S.W.3d 677, 691 (Tex. App.—San Antonio 2017, pet. denied) (quoting *In re J.S.*, 291 S.W.3d 60, 67 (Tex. App.—Eastland 2009, no pet.)). Even substantial compliance with a family service plan is not the same as complete compliance. *Id.* at 690 (citing *In re A.M.M.*, No. 04-15-00638-CV, 2016 WL 1359342, at *3 (Tex. App.—San Antonio Apr. 6, 2013, no pet.)).

In her third issue, Markie argues termination is precluded by subsection 161.001(d), which provides that a trial court may not order termination based on failure to comply with a family service plan if the parent proves by a preponderance of the evidence that she was unable to comply with the plan, she made a good faith effort to comply, and her failure to comply is not attributable to any fault of her own. TEX. FAM. CODE ANN. § 161.001(d). Here, however, the suit was filed on August 10, 2017, and subsection (d) does not apply to suits filed before subsection (d)'s effective date—September 1, 2017. Act of May 30, 2017, 85th Leg., R.S., ch. 317 (H.B. 7), § 73(c) (codified at TEX. FAM. CODE ANN. § 161.001(d)). Regardless, the only evidence regarding Markie's failure to promptly address her family service plan was the caseworker's testimony that Markie claimed she had "hit rock bottom" and "had an emotional break of some sort." Markie did not put on any evidence that she was actually unable to comply with the plan or that her failure even to begin drug treatment until six weeks before trial is not attributable to any fault of her own.

Because there is sufficient evidence in the record to support the trial court's finding that Markie failed to comply with the provisions of her family service plan, we overrule Markie's second and third issues.

## Conclusion

Based on our review of the entire record, we conclude the evidence is legally and factually sufficient to support the trial court's best interest and predicate statutory findings. Accordingly, we overrule Markie's issues and affirm the trial court's judgment.

Sandee Bryan Marion, Chief Justice