

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-16-00020-CV

**IN THE INTEREST OF K.S.L.**, a Child

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2015-PA-00341
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice
Dissenting Opinion by:  Jason Pulliam, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Rebeca C. Martinez, Justice
                Jason Pulliam, Justice

Delivered and Filed:  July 6, 2016

REVERSED AND RENDERED IN PART; AFFIRMED IN PART

Mother and Father appeal from the trial court's judgment terminating their respective parental rights to their child, K.S.L.  On appeal, they both assert the evidence is legally and factually insufficient to support the trial court's finding that termination is in the child's best interest.  We reverse that portion of the trial court's order terminating Mother's and Father's parental rights and affirm in all other respects.

## BACKGROUND

Prior to the termination trial, both Mother and Father signed affidavits of voluntary relinquishment.  The affidavits provided, in part, an acknowledgement that "[t]ermination of the

parent-child relationship is in the best interest of the child(ren)."[1]  In the affidavits, the parents each designated the Texas Department of Family and Protective Services as managing conservator of the children and waived citation, notice, hearing, and notice of entry of any termination order. The parents also assented to their understanding that the affidavit of relinquishment, once signed, "is and shall be forever final, permanent, and irrevocable."  At trial, the trial court took judicial notice of the affidavits.  The only witness to testify was the Department caseworker, who answered "yes" when asked if she "believe[d] that accepting - - the Court to accept the relinquishments is in the best interest of this child?"  She further testified that the child was doing well in kinship placement with her paternal uncle and that the long-range permanency plan is relative adoption with the uncle.  When asked if she believed "that this is best for [the child]," the caseworker replied, "yes."  At the conclusion of the termination trial, the trial court terminated Mother's and Father's parental rights based upon the findings that they each "executed before or after the suit is filed an unrevoked or irrevocable affidavit of relinquishment of parental rights as provided by Chapter 161" of the Family Code and that termination of the parent-child relationship is in the best interest of the child.  TEX. FAM. CODE ANN. § 161.001(b)(1)(K), (2) (West Supp. 2015).  The reporter's record of the termination trial consists of twelve pages in its entirety.

On appeal, Mother and Father do not contest the statutory ground for termination, but instead argue that there is insufficient evidence to support the trial court's best interest finding.

### BEST INTEREST

A trial court may order termination of the parent-child relationship only if the court finds by clear and convincing evidence one or more statutory grounds for termination and that

---

[1] *See* TEX. FAM. CODE ANN. § 161.103(b) (West Supp. 2015) (providing, in part, that affidavit of voluntary relinquishment of parental rights must contain an allegation that termination of the parent-child relationship is in the best interest of the child).

termination is in the child's best interest. *Id*. § 161.001(b)(1), (2); *id.* § 161.206(a) (West 2014). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Id*. § 101.007 (West 2014). We review the sufficiency of the evidence to support the termination of parental rights under the well-established standards for legal and factual sufficiency of the evidence. *See In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). There is a strong presumption that keeping a child with a parent is in the child's best interest. *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006). However, when the court considers factors related to the best interest of the child, "the prompt and permanent placement of the child in a safe environment is presumed to be in the child's best interest." TEX. FAM. CODE ANN. § 263.307(a) (West Supp. 2015). In determining whether a child's parent is willing and able to provide the child with a safe environment, the court should consider: (1) the child's age and physical and mental vulnerabilities; (2) the frequency and nature of out-of-home placements; (3) the magnitude, frequency, and circumstances of the harm to the child; (4) whether the child has been the victim of repeated harm after the initial report and intervention by the Department or other agency; (5) whether the child is fearful of living in or returning to the child's home; (6) the results of psychiatric, psychological, or developmental evaluations of the child, the child's parents, other family members, or others who have access to the child's home; (7) whether there is a history of abusive or assaultive conduct by the child's family or others who have access to the child's home; (8) whether there is a history of substance abuse by the child's family or others who have access to the child's home; (9) whether the perpetrator of the harm to the child is identified; (10) the willingness and ability of the child's family to seek out, accept, and complete counseling services and to cooperate with and facilitate an appropriate agency's close supervision; (11) the willingness and ability of the child's family to effect positive environmental and personal changes within a reasonable period of time; (12)

whether the child's family demonstrates adequate parenting skills; and (13) whether an adequate social support system consisting of an extended family and friends is available to the child. *Id.* § 263.307(b) (West Supp. 2015).

Courts also may apply the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.*

Finally, evidence that proves one or more statutory grounds for termination may constitute evidence illustrating that termination is in the child's best interest. *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002) (holding same evidence may be probative of both section 161.001(b)(1) grounds and best interest, but such evidence does not relieve the State of its burden to prove best interest). A best-interest analysis may consider circumstantial evidence, subjective factors, and the totality of the evidence as well as the direct evidence. *In re B.R.*, 456 S.W.3d 612, 614-16 (Tex. App.—San Antonio 2015, no pet.); *In re E.D.*, 419 S.W.3d 615, 620 (Tex. App.—San Antonio 2013, pet. denied).

In this case before us, there was no evidence of any of the section 263.307 factors, the *Holley* factors, or other considerations admitted at the termination trial. The Department argues that no such evidence was required in light of the affidavits of voluntary relinquishment signed by both parents. We disagree. This court has held that while an affidavit of relinquishment of parental

rights is "relevant to the best interest inquiry," "a relinquishment is not *ipso facto* evidence that termination is in the children's best interest. To hold otherwise would subsume the requirement of proving best interest by clear and convincing evidence into the requirement of proving an act or omission listed in section 161.001 by clear and convincing evidence." *In re A.H.*, 414 S.W.3d 802, 806 (Tex. App.—San Antonio 2013, no pet.). In *A.H.*, we held that "even if a parent has voluntarily and irrevocably relinquished his or her parental rights under subsection [(b)](1), the State must still establish by clear and convincing evidence that termination of parental rights is in the child's best interest under subsection (2)." *Id*. Because the only evidence admitted at trial was the caseworker's conclusory testimony, the panel reversed the termination order and rendered judgment denying the State's petition to terminate parental rights. *See id*. at 807.

The Department argues that *A.H.* failed to apply section 161.211(c) of the Family Code to its best interest analysis. Section 161.211(c) provides: "[a] direct or collateral attack on an order terminating parental rights based on an unrevoked affidavit of relinquishment of parental rights . . . *is limited to issues relating to fraud, duress, or coercion in the execution of the affidavit*." TEX. FAM. CODE ANN. § 161.211(c) (West 2014) (emphasis added). The Department further relies on a recent opinion from the Dallas Court of Appeals holding that section 161.211(c) "bars" an appellant's complaint that there is insufficient evidence of best interest where the appellant has also executed an affidavit of relinquishment. *In re J.H.*, 486 S.W.3d 190, 198 (Tex. App.—Dallas 2016, no. pet.). In *J.H.*, the court held that when an appellant has executed an affidavit of relinquishment, her arguments on appeal must be limited to fraud, duress, or coercion in the execution of the affidavit pursuant to section 161.211(c). *See id*. Because the appellant did not argue that her affidavit was executed as a result of fraud, duress, or coercion, the court refused to consider the appellant's sufficiency argument. *See id*.

Absent further guidance from this state's highest court on section 161.211, we decline to follow our sister court's holding in *J.H*. Instead, we remain mindful of the fundamental liberty interest a parent has in his or her child and strictly construe involuntary termination statutes in favor of maintaining the natural relationship between parent and child. *See Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). We are further mindful that the Due Process Clause of the United States Constitution and the Texas Family Code place the burden of proof on the Department to prove the necessary elements to terminate the parent-child relationship by the heightened burden of "clear and convincing evidence." *See* TEX. FAM. CODE ANN. § 161.001; *In re E.N.C.*, 384 S.W.3d 796, 802 (Tex. 2012); *In re A.H.*, 414 S.W.3d at 807. Those elements include not only the statutory ground for termination, but also best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(1), (2). Accordingly, we hold that the State is not relieved of its burden to prove best interest merely because a parent has executed a voluntary and irrevocable affidavit of relinquishment of parental rights.

Our holding is aligned with the Texarkana Court of Appeals' recent decision in *In re K.D.*, 471 S.W.3d 147 (Tex. App.—Texarkana 2015, no pet.). In *K.D.*, the court examined a situation where Mother, as a result of a mediated settlement agreement (MSA), executed an irrevocable affidavit of voluntary relinquishment of her parental rights (the Affidavit) and agreed that termination of her parental rights was in K.D.'s best interest. *Id.* at 153. The trial court entered judgment in accordance with the MSA. *Id*. After her parental rights were terminated, Mother appealed, arguing that both the MSA and the Affidavit were involuntarily executed because they were procured as a result of fraud. *Id*. She also argued that the evidence was insufficient to support the trial court's finding that termination of her parental rights was in K.D.'s best interest. *Id*. at 153-54. The court of appeals held that the Affidavit was voluntarily executed and was not procured by fraud, and that the MSA was likewise valid and enforceable between the parties. *Id*. at 154.

- 6 -

The court then addressed whether the Affidavit that was incorporated into the MSA foreclosed a best-interest review under section 161.001(b)(2). *Id.* at 162-73; *see also* TEX. FAM. CODE ANN. § 153.0071 (West 2014) (alternative dispute resolution procedures in suits affecting the parent-child relationship). Although the court did not address section 161.211(c) as it pertains to best interest, the court ultimately held that it was "not bound by the MSA and or the Affidavit to find that termination of Mother's parental rights was in K.D.'s best interest; instead, the Department was required to prove best interest by clear and convincing evidence." *In re K.D.*, 471 S.W.3d at 174. After reviewing the record, the court ultimately concluded that the evidence was factually insufficient to support the trial court's finding that termination of Mother's parental rights was in K.D.'s best interest. *Id*. at 178. We agree that the due process protections afforded to parents in parental-rights termination cases precludes foreclosure of judicial review of best-interest determinations even where the parent has voluntarily signed an irrevocable affidavit of relinquishment. *See id*. at 170-71.

In the case before us, the Department alternatively argues that "evidence in the entire record supports the best interest finding." In doing so, the Department cites to various documents in the clerk's record, including the investigative caseworker's affidavit attached to the Department's Original Petition, the family service plans, the psychosocial assessments, the order from the permanency hearing, and the judge's notes. These documents, however, cannot support the trial court's best interest finding. *See In re B.R.*, 456 S.W.3d at 617-18; *In re J.E.H.*, 384 S.W.3d 864, 870 (Tex. App.—San Antonio 2012, no pet.). Here, the trial court did not take judicial notice of its files; but even if it had, a court may not take judicial notice of the *truth* of allegations in its records. *See In re J.E.H.*, 384 S.W.3d at 870 (emphasis added) (holding trial court could not take judicial notice of allegations caseworker made in family service plan or in affidavit attached to Department's petition). Therefore, the allegations contained in the Department's affidavits and

the parents' service plans cannot support the termination order. Accordingly, we are limited to reviewing the only evidence admitted at trial, which was the caseworker's testimony. And in this case, the caseworker's testimony was meager and conclusory at best. *See In re A.H.*, 414 S.W.3d at 807 (holding caseworker's conclusory testimony, even though uncontradicted, did not rise to the level of "clear and convincing" evidence that would produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegation that termination was in children's best interest); *see also Williams v. Williams*, 150 S.W.3d 436, 450-51 (Tex. App.—Austin 2004, pet. denied) (caseworker's unsupported testimony, which constituted sole evidence at trial, did not support termination). Although the affidavit of relinquishment is relevant to the best-interest determination, without more, it cannot alone suffice to prove the required element of best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(1), (2); *see also In re A.H.*, 414 S.W.3d at 806.

## CONCLUSION

After reviewing the record before us, we conclude the Department did not meet its burden to establish by clear and convincing evidence that termination of Mother's and Father's parental rights to K.S.L. is in the child's best interest. Therefore, we reverse the trial court's judgment terminating Mother's and Father's parental rights and render judgment denying the Department's petition for termination of Mother's and Father's parental rights.

Because Mother's and Father's challenge to the Department's Family Code section 153.131 conservatorship was not subsumed within their appeals of the termination order and was not independently challenged on appeal, we also affirm the trial court's appointment of the Department as the managing conservator of K.S.L. pursuant to section 153.131. *See In re J.A.J.*, 243 S.W.3d 611, 617 (Tex. 2007) (explaining procedure to be followed by a parent, the Department, and the trial court when a judgment terminating parental rights is reversed by the court of appeals but the Department's conservatorship pursuant to section 153.131 is affirmed);

*see also In re R.S.D.*, 446 S.W.3d 816, 822-23 & n.5 (Tex. App.—San Antonio 2014, no pet.); *see also* TEX. FAM. CODE ANN. § 153.131 (West 2014).

Rebeca C. Martinez, Justice