PER CURIAM
In this parental-termination case, the mother's parental rights were terminated after she signed an affidavit of voluntary relinquishment. She then appealed on grounds that the evidence of the child's best interest was factually and legally insufficient. Our decision today in In reK.S.L. decides this case. 499 S.W.3d 109. We reverse the court of appeals' judgment regarding termination of parental rights.
This case began when San Antonio's Department of Family and Protective Services brought suit requesting, among other relief, that it be appointed temporary conservator of M.M., a two-year-old child. As supported by an affidavit, the petition alleged that the Mother, V.R., had a history of drug use, had been incarcerated for heroin use, and was observed injecting heroin a few days before the petition was filed in December 2015. A few months earlier, M.M. had suffered a cigarette burn on her left arm. The petition sought termination of the Mother's parental rights if reunification could not be achieved.
The trial court entered various pretrial orders and conducted pretrial hearings. The Mother signed a service plan. At two pretrial hearings, the court found that the Mother was not in compliance with her service plan. In a report to the court, the Department expressed concern regarding the Mother's mental stability due to a failure to take prescribed psychiatric medications, and another report noted that she had failed to complete three drug-treatment programs.
Before trial, the Mother signed a statutorily compliant affidavit of relinquishment of parental rights. See TEX. FAM. CODE § 161.103. The affidavit states, "Termination of the parent-child relationship is in the best interest of the child." The affidavit states that it is irrevocable. It declares, "I am signing it freely, voluntarily, and with the firm conviction that this decision is the best available alternative for my child."
At trial, the Mother testified that she had signed the affidavit without coercion and that she signed it truly believing that *541 doing so was in M.M.'s best interest. The caseworker testified to her belief that the relinquishment of the Mother's parental rights was in the child's best interest, and that M.M. was now in the care of a grandmother providing a safe and secure home. The caseworker testified that the case began with reports of neglect, and that during an initial visit M.M. was found with a cigarette burn on her arm, and the Mother was found lethargic and unable to care for M.M. The caseworker further testified that services had been made available to the Mother to assist her in maintaining parental rights, but that the Mother had been unable to comply with and complete those services.
The trial court rendered a final judgment terminating the Mother's parental rights. The order states that the court finds by clear and convincing evidence that termination is in M.M.'s best interest and that the Mother executed an affidavit of relinquishment pursuant to Family Code § 161.001(b)(1)(K).
As happened in K.S.L. , the Mother changed her mind regarding termination of parental rights, for reasons not apparent from the record or briefs. She appealed on grounds the evidence was legally and factually insufficient to support the trial court's finding that termination was in the child's best interest. The court of appeals reversed the part of the trial court's judgment terminating the Mother's parental rights. Also as in K.S.L. , the court of appeals affirmed the part of the trial court's judgment appointing the Department permanent managing conservator of M.M.[1]
In reversing the trial court's termination of parental rights, the court of appeals relied on its decision in K.S.L. The court reasoned that "the Department was not relieved of its burden to prove best interest merely because a parent has executed a voluntary and irrevocable affidavit of relinquishment of parental rights." In reM.M. , 2017 WL 188097 (Tex. App.-San Antonio 2017) (citing In re K.S.L. , 499 S.W.3d 109, 114 (Tex. App.-San Antonio 2016) ).
Without repeating our analysis in K.S.L. , the Mother's appeal of the termination of parental rights fails because Family Code section 161.211(c) precludes an appeal except on grounds that the affidavit of relinquishment was tainted by fraud, duress, or coercion. Because the Mother's appeal is not "limited to issues relating to fraud, duress, or coercion" under the language of section 161.211(c), but is instead based on insufficiency of the evidence, the appeal is foreclosed by statute.
The Mother argues that interpreting section 161.211(c) to foreclose her appeal would violate her federal due process rights. As we conclude today in K.S.L. , holding that section 161.211(c) means what it says does not deprive the parent of her due process rights. K.S.L. , 499 S.W.3d at 114.
Accordingly, without hearing oral argument, see TEX. R. APP . P. 59.1, we reverse the part of the court of appeals' judgment that reversed the trial court's order terminating V.R.'s parental rights. We affirm the court of appeals' judgment in all other respects.

The court of appeals also affirmed the part of the trial court's judgment terminating the parental rights of M.M.'s father, for reasons not pertinent to this appeal.