# NO. 12-18-00157-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF J. M.,* | § | *APPEAL FROM THE 115TH* |
| *A CHILD* | § | *JUDICIAL DISTRICT COURT* |
| | § | *UPSHUR COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

J.K.M. appeals the termination of his parental rights to J.M. He raises three issues on appeal.[1] We affirm.

## BACKGROUND

J.K.M. and A.M. are the parents of J.M. The Department of Family and Protective Services (the Department) filed an original petition for protection of a child, for conservatorship, and for termination on November 28, 2016. The Department's initial goal of family reunification changed to termination, and a jury trial was set. The jury was selected on May 21, 2018, and trial began that afternoon. On May 23, the trial court learned that both parents separately executed affidavits of voluntary relinquishment of their parental rights. Both affidavits were offered and admitted into evidence. The trial court admonished both parents in open court. The trial court terminated J.K.M and A.M.'s parental rights to J.M. based on the relinquishments and found that termination was in the child's best interest.

J.K.M. filed a motion for new trial claiming that the affidavit failed to comply with the Texas Family Code and was obtained by undue influence and coercion. J.K.M. further alleged

---

[1] To protect the identity of the child who is the subject of this suit, we use initials to identify the various parties involved. *See* TEX. R. APP. P. 9.8(b)(2).

that the termination order is not supported by sufficient evidence. The trial court denied J.K.M.'s motion without a hearing. This appeal followed.[2]

## TERMINATION OF PARENTAL RIGHTS

The natural right between a parent and child is one of constitutional dimensions; thus, termination proceedings must be strictly scrutinized. *In re K.M.L.,* 443 S.W.3d 101, 112 (Tex. 2014). Section 161.001 of the Texas Family Code permits the termination of parental rights if two elements are met. TEX. FAM. CODE ANN. § 161.001 (West Supp. 2017); *In re C.L.C.,* 119 S.W.3d 382, 390 (Tex. App.—Tyler 2003, no pet.). First, the parent must have engaged in any one of the acts or omissions itemized in the first subsection of the statute. TEX. FAM. CODE ANN. § 161.001(1); *In re C.L.C.,* 119 S.W.3d at 390. Second, termination must be in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(2); *In re C.L.C.,* 119 S.W.3d at 390. Both elements must be proved by "clear and convincing evidence," and proof of one element does not alleviate the petitioner's burden of proving the other. TEX. FAM. CODE ANN. § 161.001; *In re C.L.C.,* 119 S.W.3d at 390. "Clear and convincing evidence" means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. TEX. FAM. CODE ANN. § 101.007 (West 2014).

When the burden of proof is clear and convincing evidence, we conduct a legal sufficiency review by looking at all the evidence in the light most favorable to the finding to determine whether a reasonable fact finder could have formed a firm belief or conviction that its finding was true. *In re J.F.C.,* 96 S.W.3d 256, 266 (Tex. 2002). We must assume that the fact finder resolved disputed facts in favor of its finding if a reasonable fact finder could do so. *Id.* Thus, it follows that the reviewing court should disregard all evidence that a reasonable fact finder could have disbelieved or found to have been incredible, but this does not mean that the reviewing court must disregard all evidence that does not support the finding. *Id.* Disregarding undisputed facts that do not support the finding could skew the analysis of whether there is clear and convincing evidence. *Id.* If, after conducting our legal sufficiency review, we determine that no reasonable fact finder could form a firm belief or conviction that the matter which must be proven is true, then we will conclude that the evidence is legally insufficient. *Id.*

---

[2] A.M. is not a party to this appeal.

2

When we conduct a factual sufficiency review, we must give due consideration to evidence that the fact finder could reasonably have found to be clear and convincing. *Id.* Our inquiry is whether the evidence is such that a fact finder could reasonably form a firm belief or conviction about the truth of the Department's allegations. *Id.* We consider whether the disputed evidence is such that a reasonable fact finder could not have resolved that disputed evidence in favor of its finding. *Id.* If, when viewed in light of the entire record, the disputed evidence is so significant that a fact finder could not have reasonably formed a firm belief or conviction, then the evidence is factually insufficient. *Id.* In finding evidence factually insufficient, the appellate court should detail why it has concluded that a reasonable fact finder could not have credited disputed evidence in favor of its finding. *Id.* at 267.

The standard of review for legal and factual sufficiency challenges maintains a deferential standard for the fact finder's role, which means the trier of fact is the exclusive judge of the credibility of the witnesses and weight to be given their testimony. *In re C.H.,* 89 S.W.3d 17, 26–27 (Tex. 2002); *Nordstrom v. Nordstrom,* 965 S.W.2d 575, 580 (Tex. App.—Houston [1st Dist.] 1997, pet. denied). Thus, our review must not be so rigorous that the only fact findings which could withstand review are those established beyond a reasonable doubt. *In re C.H.,* 89 S.W.3d at 26.

### COMPLIANCE WITH TEXAS FAMILY CODE

In his first issue, J.K.M. argues that the affidavit of relinquishment does not comply with the requirements in Section 161.103 of the Texas Family Code.

**Applicable Law**

A trial court may terminate the parent-child relationship if it finds by clear and convincing evidence that the parent has executed an unrevoked or irrevocable affidavit of relinquishment of parental rights as provided by the Family Code and that termination is in the child's best interest. *See* TEX. FAM. CODE ANN. § 161.001(1)(K), (2). The party seeking termination has the burden to prove the elements necessary to support termination of the parent-child relationship. *In re K.M.L.,* 443 S.W.3d at 113 ; *see also Moore v. Brown,* 408 S.W.3d 423, 437 (Tex. App.–Austin 2013, pet. denied).

Section 161.103 of the family code lists the requirements for an affidavit of voluntary relinquishment of parental rights. *See* TEX. FAM. CODE ANN. § 161.103 (West Supp. 2017).

3

Evidence that an affidavit of voluntary relinquishment was signed, notarized, witnessed, and executed in compliance with Section 161.103 of the Family Code is prima facie evidence of its validity. *In re D.R.L.M.,* 84 S.W.3d 281, 296 (Tex. App.–Fort Worth 2002, pet. denied).

Section 161.211(c) of the family code limits any direct or collateral attack on an order terminating parental rights based on an unrevoked affidavit of relinquishment to issues relating to fraud, duress, or coercion in the execution of the affidavit. *See* TEX. FAM. CODE ANN. § 161.211(c) (West 2014). Because the statute applies without limitation to both direct and collateral attacks, the plain language suggests that subsection (c) should be interpreted as having "sweeping, all-encompassing breadth, applying to complaints of everything from procedural errors to jurisdiction defects." *Moore,* 408 S.W.3d at 435. "[S]ubsection (c)'s reference to 'issues relating to fraud, duress, or coercion in the execution of the affidavit' denotes a category of complaints that is distinct from, and is preceded by, the question of whether the affidavit complies with all of the requirements of section 161.103." *Id.* at 437. While Section 161.103's requirements may serve as prophylactic safeguards calculated to ensure the voluntariness of execution, they are not the same as fraud, duress, and coercion, and are not in and of themselves determinative of whether an affidavit was voluntarily executed. *Id.* at 437–38. Therefore, challenges to deficiencies in the affidavits are precluded under Section 161.211(c). *See Moore,* 408 S.W.3d at 426, 438; *see also In re C.O.G.,* No. 13–12–00577–CV, 2013 WL 6583971, at \*4 (Tex. App.–Corpus Christi Dec. 12, 2013, no pet.) (mem. op.).

## Analysis

J.K.M. asserts that his affidavit of relinquishment fails to comply with Section 161.103 of the family code. Specifically, he argues that the affidavit is confusing because it references "children" in several places when only one child was the subject of the suit. In addition, J.K.M. claims that the verification is unclear because it states that the affidavit was signed before "me." He also complains that the affidavit fails to address whether it was obtained by coercion or undue influence and does not assert whether he can read and write the English language. Furthermore, J.K.M. asserts that the witnesses and notary were employees of the Department's counsel.

The order of termination in this case is "an order terminating parental rights" under Chapter 161 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 161.206 (West Supp. 2017). The trial court's termination finding is based on J.K.M.'s affidavit of relinquishment pursuant to Section 161.001(b)(1)(K), which was expressly made irrevocable as provided by Section 161.103, and

4

designates the Department as managing conservator; thus, it is "unrevoked."[3] *See id.* § 161.103(e) (relinquishment in an affidavit that designates the Department to serve as the managing conservator is irrevocable); *see also In Interest of A.H.*, No. 09-14-00291-CV, 2014 WL 7183973, at *5 (Tex. App.—Beaumont Dec. 18, 2014, no pet.) (mem. op.). Accordingly, the only allowable issues that J.K.M. may bring to challenge the termination order are "issues relating to fraud, duress, or coercion in the execution of the affidavit." *See* TEX. FAM. CODE ANN. §§ 161.206, 161.211(c). J.K.M.'s challenges, however, address deficiencies in the affidavit that clearly do not fall within these narrow categories. *See id.*; *see also In re A.H.,* 414 S.W.3d 802, 805–06 (Tex. App.–San Antonio 2013, no pet.); *Moore,* 408 S.W.3d at 438; *In Interest of A.H.*, 2014 WL 7183973, at *4–5 (complaints that affidavits are invalid for deficiencies under Section 161.103, i.e., not containing ages, county of residence, and children's ages, were challenges proscribed by Family Code). Because Section 161.211(c) bars J.K.M.'s contention that the termination order should be invalidated or set aside based on deficiencies in his affidavit of relinquishment, we overrule his first issue. *See* TEX. FAM. CODE ANN. §§ 161.206, 161.211(c); *see also Moore,* 408 S.W.3d at 438.

**VOLUNTARINESS OF RELINQUISHMENT**

In his second issue, J.K.M. contends he did not execute the affidavit of relinquishment voluntarily because of "unintentional" undue influence and coercion exercised by the Department.

**Applicable Law**

A trial court may terminate the parent-child relationship if it finds by clear and convincing evidence that the parent has executed an unrevoked or irrevocable affidavit of relinquishment of parental rights as provided by the family code. *See* TEX. FAM. CODE ANN. §§ 161.001(1)(K), 161.103. The party seeking termination has the burden to prove the elements necessary to support termination of the parent-child relationship. *In re K.M.L.,* 443 S.W.3d at 113. It is implicit in Section 161.001(1)(K) that the affidavit of parental rights be voluntarily executed. *Id.; see also* TEX. FAM. CODE ANN. § 161.103. Thus, the burden is on the party seeking termination to prove

---

[3] The affidavit stated, "This Affidavit of Relinquishment of Parental Rights is and shall be final, permanent, and irrevocable. I fully understand that, if I change my mind at any time, I can never force the agency to destroy, revoke or return this affidavit." *See* TEX. FAM. CODE ANN. § 161.103(b)(9) (West Supp. 2017) (affidavit of relinquishment must contain statement that relinquishment is revocable, irrevocable, or irrevocable for a stated period of time).

by clear and convincing evidence that the parent voluntarily—that is, knowingly and intelligently—executed the affidavit of relinquishment. *In re K.M.L.,* 443 S.W.3d at 113; *Monroe v. Alternatives in Motion,* 234 S.W.3d 56, 61–62 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("[B]ecause an affidavit of relinquishment waives a constitutional right, it must be made voluntarily, knowingly, intelligently, and with full awareness of its legal consequences.").

An affidavit of relinquishment in proper form is prima facie evidence of its validity. *See Monroe,* 234 S.W.3d at 62 (citing *In re V.R.W.,* 41 S.W.3d 183, 190 (Tex. App.—Houston [14th Dist.] 2001, no pet.), *disapproved on other grounds, In re J.F.C.,* 96 S.W.3d 256, 267 n. 39 (Tex. 2002)). But an involuntarily executed affidavit is a complete defense to a termination suit based on Section 161.001(1)(K). *In re K.M.L.,* 443 S.W.3d at 113. Once an affidavit has been shown to comply with the requirements of Section 161.103, it may be set aside only upon proof, by a preponderance of the evidence that the affidavit was executed as a result of fraud, coercion, or duress. *In re D.E.H.*, 301 S.W.3d 825, 830 (Tex. App.—Fort Worth 2009, pet. denied). Coercion occurs if someone is compelled to perform an act by force or threat. *Id.* at 828. Duress occurs when, due to some kind of threat, a person is incapable of exercising his free agency and unable to withhold consent. *Id.* at 829. Fraud may be committed through active misrepresentation or passive silence and is an act, omission, or concealment in breach of a legal duty, trust, or confidence justly imposed, when the breach causes injury to another or the taking of an undue and unconscientious advantage. *Id.* The burden of proving such wrongdoing is on the party opposing the affidavit. *Id.* at 830.

## Analysis

J.K.M. urges that his affidavit of relinquishment was not voluntarily signed "due to the existence of undue influence and coercion unintentionally caused by" the Department. In support of his argument, J.K.M. asserts that he was suffering "emotional difficulties" during the trial. In addition, J.K.M. was serving deferred adjudication community supervision and had a revocation motion pending at the time of trial. If his community supervision were revoked, J.K.M. could be sent to prison for two to twenty years. According to J.K.M., this is sufficient evidence of undue influence and coercion to set aside his affidavit of relinquishment.

As stated above, Section 161.211(c) limits the grounds of attack to fraud, duress, and coercion. *See* TEX. FAM. CODE ANN. § 161.211(c). As a result, J.K.M. cannot attack the voluntariness of his affidavit based on undue influence. *See id.*; *see also State Office of Risk*

*Mgmt. v. Martinez*, 539 S.W.3d 266, 270 (Tex. 2017) (appellate court construes statute according to plain language); *In re Bell*, 91 S.W.3d 784, 790 (Tex. 2002) (words excluded from statute must be presumed to have been excluded for a purpose; "courts should not insert words in a statute except to give effect to clear legislative intent"); *In Interest of K.L.G.*, No. 04-15-00522-CV, 2015 WL 7562843, at *3 (Tex. App.—San Antonio Nov. 25, 2015, pet.) (mem. op.) (addressing claim of duress, but not addressing case that discussed undue influence because it predated the adoption of Section 161.211(c)'s limitation on the grounds for attacking the voluntariness of an affidavit).

To the extent J.K.M. challenges the voluntariness of his affidavit on grounds of fraud, duress, or coercion, we conclude that he fails to satisfy his burden of proof. The record shows that J.K.M. executed his affidavit of relinquishment during a jury trial in which his parental rights could be forever terminated. The affidavit states, "I freely, voluntarily, and permanently give and relinquish to the Department all my parental rights and duties." At all times pertinent to this appeal, J.K.M. was represented by counsel. When questioned by the trial court, J.K.M. stated that he made a decision to execute a document relinquishing his parental rights to J.M. and that he understood that if the trial court approved the affidavit, he would lose all rights to his child. J.K.M. further told the court that he had not been forced, coerced, or otherwise made to sign the affidavit. When asked if he believed termination of his rights was in the best interest of the child, J.K.M. answered affirmatively. He further informed the court that he discussed the affidavit with his attorney. J.K.M. also testified that there was no deal with the State regarding his potential revocation of community supervision and that he was not influenced to sign the affidavit of relinquishment based on that matter.

Based on our review of the record, J.K.M. did not experience coercion, fraud or duress as contemplated by the family code. *See In re D.E.H.*, 301 S.W.3d at 832. J.K.M.'s own admissions demonstrate a lack of evidence that (1) he was compelled to sign the affidavit by force or threat, (2) he was incapable of exercising his free agency and unable to withhold consent, or (3) his signing of the affidavit was a result of any active misrepresentation or passive silence or any act, omission, or concealment in breach of a legal duty, trust, or confidence justly imposed. *See id.* at 828-29. J.K.M. failed to prove by a preponderance of the evidence that his execution of the affidavit of relinquishment resulted from coercion, fraud, or duress. *See id.* at 832; *see also In re A.C.*, No. 12-14-00122-CV, 2014 WL 6803987, at *6 (Tex. App.—Tyler Oct. 22, 2014, no pet.) (mem. op.) ("Although there is some evidence that Appellants may have been confused about their

right to appeal the trial court's termination order, they did not show by a preponderance of the evidence that the affidavits of relinquishment were signed due to fraud, duress, or coercion"). We overrule J.K.M.'s second issue.

## SUFFICIENCY OF THE EVIDENCE

In his third issue, J.K.M. argues that, because the affidavit fails for invalidity and involuntariness, the termination order is not supported by sufficient evidence. First, however, we have overruled J.K.M.'s challenges to the affidavit. Second, as previously discussed, Section 161.211(c) precludes an appeal except on grounds that the affidavit of relinquishment was tainted by fraud, duress, or coercion. *See* TEX. FAM. CODE ANN. § 161.211(c). Under circumstances in which a parent's parental rights are terminated after the signing of an affidavit of relinquishment, the Texas Supreme Court has held that sufficiency challenges fail "because Family Code section 161.211(c) precludes an appeal except on grounds that the affidavit of relinquishment was tainted by fraud, duress, or coercion." *In Interest of M.M.*, 538 S.W.3d 540, 541 (Tex. 2017). Because J.K.M.'s third appellate issue is based on insufficiency of the evidence, it is foreclosed by statute. *See id.*; *see also In Interest of K.S.L.*, 538 S.W.3d 107, 111 (Tex. 2017). We overrule J.K.M.'s third issue.

## DISPOSITION

Having overruled J.K.M.'s first, second, and third issues, we ***affirm*** the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered October 10, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 10, 2018**

**NO. 12-18-00157-CV**

**IN THE INTEREST OF J. M., A CHILD**

Appeal from the 115th District Court

of Upshur County, Texas (Tr.Ct.No. 16-00587)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*