

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00731-CV

**IN THE INTEREST OF A.E.** and G.K.R., Children

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 17-0827-CV
Honorable Thomas Nathaniel Stuckey, Judge Presiding

Opinion by:      Sandee Bryan Marion, Chief Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                 Rebeca C. Martinez, Justice
                 Patricia O. Alvarez, Justice

Delivered and Filed: January 23, 2019

AFFIRMED

A.P. appeals the trial court's order terminating her parental rights to her children A.E. and

G.K.R.  A.P. presents two issues on appeal asserting: (1) the affidavit relinquishing her parental

rights was procured by fraud; and (2) the evidence is insufficient to establish termination of her

parental rights was in the children's best interests.  The Texas Supreme Court has held a direct or

collateral attack on an order terminating parental rights based on an unrevoked affidavit of

relinquishment is limited to issues relating to fraud, duress, or coercion in the execution of the

affidavit.  *In re M.M.*, 538 S.W.3d 540, 541 (Tex. 2017) (citing *In re K.S.L.*, 538 S.W.3d 107, 111

(Tex. 2017)); TEX. FAM. CODE ANN. § 161.211(c).  Accordingly, we do not address A.P.'s

sufficiency challenge.  *See In re M.M.*, 538 S.W.3d at 541 (holding challenge to sufficiency of the

evidence to support best interest finding "is foreclosed by statute" in appeal of an order terminating

parental rights based on an unrevoked affidavit of relinquishment). We overrule A.P.'s first issue and affirm the trial court's order.

## BACKGROUND

On April 10, 2017, the Texas Department of Family and Protective Services filed its petition in the underlying cause seeking to terminate A.P.'s rights. The case proceeded to a bench trial on July 19, 2018. On that date, A.E. was fourteen, and G.K.R. was eleven.

The Department announced that A.P. had executed an affidavit of relinquishment which was introduced into evidence. A.P. then proceeded to testify that her attorney had explained the affidavit, and she understood she was "signing her rights away" and that the affidavit was irrevocable. A.P. further testified no promises were made in exchange for her execution of the affidavit, she had the opportunity to ask her attorney questions, and she understood her parental rights would be terminated when the trial court accepted the affidavit. A.E.'s father also signed an affidavit of relinquishment; however, G.K.R.'s father decided to proceed to trial. The trial was continued to August 21, 2018.

When trial continued, evidence was presented relating to the termination of the parental rights of G.K.R.'s father. While testifying in response to questioning by the children's attorney ad litem, the Department's legal caseworker stated the children indicated in their conversations with her that they do not want to return to A.P.'s care. She also testified A.E. had not expressed to her that she did not want A.P.'s rights terminated.

During closing arguments, the children's attorney ad litem stated A.E. did not wish for A.P.'s rights to be terminated, and A.E. wanted to continue to have contact with A.P. even if A.P.'s rights were terminated. The ad litem further stated G.K.R. is completely happy and wanted to remain in his foster home but loves A.P. and would like to have future contact with her. The trial

court took the case under advisement and subsequently signed an order terminating all the parents' rights.

A.P. filed a motion for new trial asserting for the first time that her affidavit of relinquishment was procured by fraud. In her affidavit attached to the motion for new trial, A.P. stated when she appeared for court on July 19, 2018, her attorney informed her that A.E. and G.K.R. "had told the caseworker and CASA volunteer that they don't want to see me or talk to me." A.P. stated she signed the affidavit of relinquishment "believing that's what [her] children wanted." However, she further stated, "I later came to find out that this was not true, as [A.E.] contacted me and has told me and her attorney that she not only wants to see me, she wants to come back to live with me. I also learned that [G.K.R.] would like to have contact with me, even though he doesn't want to live with me." The motion for new trial was overruled by operation of law, and A.P. appeals.

### STANDARD OF REVIEW

A.P. first asserted her affidavit of relinquishment was procured by fraud in her motion for new trial; therefore, we consider whether the trial court abused its discretion in allowing the motion to be overruled by operation of law. *Hernandez v. Saldivar*, No. 04-15-00691-CV, 2016 WL 2584657, at *1 (Tex. App.—San Antonio May 4, 2016, no pet.) (mem. op.) (noting appellate court must determine whether the trial court abused its discretion in allowing motion for new trial to be overruled by operation of law); *Awoniyi v. McWilliams*, 261 S.W.3d 162, 165 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (noting "abuse of discretion standard applies even where the motion for new trial has been overruled by operation of law and not by express ruling"). "'A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles.'" *In re J.H.*, 486 S.W.3d 190, 194 (Tex. App.—Dallas 2016, no pet.) (quoting *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003)). "'Under an abuse of discretion

standard, the appellate court defers to the trial court's factual determinations if they are supported by evidence, but reviews the trial court's legal determinations de novo.'" *Id.* (quoting *Stockton v. Offenbach*, 336 S.W.3d 610, 615 (Tex. 2011)). "In the new-trial context, the trial court is the factfinder and accordingly is the sole judge of the witnesses' credibility." *Id.*

## DISCUSSION

As previously noted, a direct attack on an order terminating parental rights based on an unrevoked affidavit of relinquishment is limited to issues relating to fraud, duress, or coercion in the execution of the affidavit. *In re M.M.*, 538 S.W.3d at 541 (citing *In re K.S.L.*, 538 S.W.3d at 111); TEX. FAM. CODE ANN. § 161.211(c). A motion for new trial is a direct attack on a judgment. *In re J.H.*, 486 S.W.3d at 195. In her motion for new trial and on appeal, A.P. asserted her affidavit was procured by fraud.

In this context, "[f]raud may be committed through active misrepresentation or passive silence and is an act, omission, or concealment in breach of a legal duty, trust, or confidence justly imposed, when the breach causes injury to another or the taking of an undue and unconscientious advantage." *In re J. M.*, No. 12-18-00157-CV, 2018 WL 4907847, at *4 (Tex. App.—Tyler Oct. 10, 2018, no pet.); *In re D.E.H.*, 301 S.W.3d 825, 829 (Tex. App.—Fort Worth 2009, pet. denied). "The burden of proving such wrongdoing is on the party opposing the affidavit." *In re J. M.*, 2018 WL 4907847, at *4; *In re D.E.H.*, 301 S.W.3d at 830.

In her brief, A.P. contends "she was erroneously led to believe by the [D]epartment that her children did not want anything to do with her." A.P. further contends the testimony by the Department's caseworker that neither A.E. nor G.K.R. expressed a desire to be returned to her care "was a material misrepresentation that A.P. relied on in executing the relinquishment." A.P. then points to the statements made by the children's attorney ad litem in closing arguments as evidence that the Department misrepresented the children's desires.

First, we note statements made by the children's attorney ad litem during closing argument are not evidence. In addition, the trial court was the sole judge of the caseworker's testimony. *In re J.H.*, 486 S.W.3d at 194. The trial court could have believed the caseworker credibly testified regarding the information provided to her in her discussions with the children. Evidence that the children told A.P. or their attorney ad litem different information is no evidence that the caseworker was not truthful in her testimony regarding her discussions with the children. Because the trial court is the sole judge of the witnesses' credibility in ruling on a motion for new trial, we hold the trial court did not abuse its discretion in allowing the motion to be overruled by operation of law because the trial court could have concluded A.P. did not meet her burden to prove the Department procured her affidavit by fraud.

## CONCLUSION

The order of the trial court is affirmed.

Sandee Bryan Marion, Chief Justice