

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00844-CV

**IN THE INTEREST OF C.C.**, a Minor Child

From the 229th Judicial District Court, Duval County, Texas
Trial Court No. DC-18-53
Honorable Selina Nava Mireles, Judge Presiding

Opinion by:     Beth Watkins, Justice

Sitting:        Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Beth Watkins, Justice

Delivered and Filed: November 25, 2020

AFFIRMED IN PART; REVERSED AND RENDERED IN PART

Appellant L.C. appeals the trial court's judgment terminating his parental rights to his child, C.C.[1] We reverse the portion of the trial court's order terminating L.C.'s parental rights and render judgment denying the Texas Department of Family and Protective Services's termination petition with regard to L.C. We affirm the portion of the trial court's order appointing the Department as C.C.'s temporary managing conservator.

### BACKGROUND

On March 20, 2018, the Department filed a petition seeking termination of L.C.'s parental rights to C.C. At the time, L.C. was incarcerated. At trial, the sole termination ground the

---

[1] To protect the privacy of the minor child, we refer to the child and the parent by their initials. TEX. R. APP. P. 9.8(b)(2).

Department sought to prove with regard to L.C. was its contention he "knowingly engaged in criminal conduct that has resulted in [his] (i) conviction of an offense; and (ii) confinement or imprisonment and inability to care for the child for not less than two years from the date of filing the petition." *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(Q). On November 13, 2019, the trial court signed an order terminating L.C.'s parental rights on that ground. Because the trial court terminated the parental rights of both L.C. and C.C.'s mother, it appointed the Department as C.C.'s temporary managing conservator. L.C. timely appealed.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), L.C.'s first court-appointed appellate attorney filed a brief containing a professional evaluation of the record and stating he "was unable to identify any non-frivolous grounds for appeal." After reviewing the *Anders* brief and the record, we determined a non-frivolous ground for appeal existed. Specifically, we concluded the record raised questions about whether the evidence supported a finding that L.C. *knowingly* engaged in criminal conduct for which he was convicted and imprisoned, as required by subsection Q. We therefore abated the appeal and remanded this case to the trial court for appointment of new appellate counsel.

L.C.'s newly appointed appellate counsel filed a brief arguing the evidence is legally insufficient to support the trial court's termination of L.C.'s parental rights under subsection Q. In his brief, L.C. explains the record shows "[t]he State failed to introduce a copy of the judgement [*sic*] of conviction, offense reports, officer testimony, or any other evidence which would show that [L.C.] has 'knowing[ly] committed' an offense which resulted in his confinement." He further notes, "It is not clear from the record what offense led to [L.C.'s] confinement." In the prayer of his brief, he asks us to reverse the portion of the order terminating his parental rights and "remand the case to trial for conservatorship, possession, and access by L.C."

In response, the Department concedes "that there is insufficient evidence to support the trial court's finding that [L.C.] knowingly engaged in criminal conduct that resulted in his incarceration and that this constitutes reversible error." It argues, however, that we should affirm the portion of the order appointing it as C.C.'s conservator because L.C. did not challenge the factual findings underlying that appointment.

## ANALYSIS

### Termination of L.C.'s Parental Rights

*Standard of Review and Applicable Law*

The involuntary termination of a natural parent's rights implicates fundamental constitutional rights and "divests the parent and child of all legal rights, privileges, duties, and powers normally existing between them, except for the child's right to inherit from the parent." *In re S.J.R.-Z.*, 537 S.W.3d 677, 683 (Tex. App.—San Antonio 2017, pet. denied) (internal quotation marks omitted). At trial, the Department had the burden to show, by clear and convincing evidence, both a statutory ground to terminate L.C.'s parental rights and that termination was in C.C.'s best interest. TEX. FAM. CODE ANN. § 161.001; *In re A.H.*, 414 S.W.3d 802, 806 (Tex. App.—San Antonio 2013, no pet.).

When reviewing the legal sufficiency of the evidence, we apply well-established standards of review. *See* TEX. FAM. CODE §§ 101.007, 161.206(a); *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). To determine whether the Department produced clear and convincing evidence, a legal sufficiency review requires us to "'look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true.'" *In re J.L.*, 163 S.W.3d 79, 85 (Tex. 2005) (quoting *In re J.F.C.*, 96 S.W.3d at 266). "If, after conducting its legal sufficiency review of the record evidence, a court determines that no reasonable factfinder could form a firm belief or conviction that the matter that must be

proven is true, then that court must conclude that the evidence is legally insufficient." *In re J.F.C.*, 96 S.W.3d at 266. If the evidence is legally insufficient to support the order of termination, "[r]endition of judgment in favor of the parent would generally be required." *Id.*

*Application*

The Department concedes it did not meet its burden of proof to show termination of L.C.'s parental rights was warranted under subsection Q. After reviewing the record, we agree. There is no evidence identifying the offense that resulted in L.C.'s conviction and subsequent incarceration. As a result, there is no evidence upon which the trial court could have relied to form a firm belief or conviction that L.C. "'*knowingly* [as opposed to negligently] engaged in criminal conduct' . . . that resulted in his conviction." *In re C.D.E.*, 391 S.W.3d 287, 300–01 (Tex. App.—Fort Worth 2012, no pet.) (emphasis and alteration in original). Accordingly, we reverse the portion of the trial court's judgment that terminates L.C.'s parental rights under subsection Q. *See id.*; *see also In re A.B.R.*, No. 04-18-00634-CV, 2019 WL 287349, at *1 (Tex. App.—San Antonio Jan. 23, 2019, no pet.) (mem. op.). Because the evidence is legally insufficient to support termination, we render judgment denying the Department's petition as to L.C. *In re J.F.C.*, 96 S.W.3d at 266; *In re A.B.R.*, 2019 WL 287349, at *1.

### Appointment of Department as C.C.'s Conservator

The Department contends that even though "the portion of the judgment terminating [L.C.'s] parental rights should be reversed," we should affirm the order appointing the Department as C.C.'s temporary managing conservator because L.C. did not challenge the trial court's factual findings on conservatorship. We agree. *See In re J.A.J.*, 243 S.W.3d 611, 612–13 (Tex. 2007). While L.C. requests a remand on the issue of conservatorship in the prayer of his appellate brief, he does not specifically challenge the findings underlying the trial court's conservatorship ruling. *See id.* at 615 (concluding challenge to conservatorship findings was not subsumed in challenge

of termination order); *see also In re J.M.T.*, No. 04-19-00807-CV, 2020 WL 3547971, at *7 n.6 (Tex. App.—San Antonio July 1, 2020, no pet. h.) (refusing to disturb a trial court's conservatorship ruling because parent only challenged termination). Nor does he present any argument or authority showing that ruling was erroneous. *See* TEX. R. APP. P. 38.1. As a result, we affirm the portion of the trial court's order appointing the Department as C.C.'s temporary managing conservator.

## CONCLUSION

We reverse the portion of the trial court's order terminating L.C.'s parental rights to C.C. and render judgment denying the Department's termination petition with regard to L.C. We affirm the portion of the trial court's order appointing the Department as C.C.'s temporary managing conservator.

Beth Watkins, Justice